IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SURESH KUMAR** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-2581 |
| | § | |
| **NATIONAL UNION FIRE** | § | |
| **INSURANCE COMPANY** | § | |
| **OF PITTSBURGH, PA.,** | § | |
| | § | |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Suresh Kumar ("Kumar" or "Plaintiff") and files this Original Complaint against National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"). Plaintiff respectfully would show this Court the following:

### I.
### PARTIES

1.  Plaintiff Suresh Kumar is a Texas resident, residing in Carrollton, Texas.

2.  On information and belief, Defendant National Union is a Pennsylvania corporation with its principal place of business in New York City, New York. On information and belief, National Union is duly authorized to conduct insurance business in the state of Texas. National Union may be served through its registered agent at Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Kumar and National Union are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391.

## III.
## FACTUAL BACKGROUND

5. On May 6, 2014, Shawn K. Brown, as trustee of the Sage Physician Partners, Inc. Liquidating Trust, ("Brown") filed a lawsuit against Kumar, among others. Brown alleged that Kumar, in concert with others, aided and abetted in the breach of fiduciary duties owed to Sage Physician Partners, Inc. d/b/a American Physician Housecalls ("APH") and/or its creditors by transferring APH's hospice, home health and physical therapy referrals to third parties for inadequate consideration. That lawsuit is captioned as Cause No. DC-14-04870, *Shawn K. Brown, as Trustee of the Sage Physician Partners, Inc. Liquidating Trust v. D. Yale Sage, et al.*, in the 134th Judicial District Court of Dallas County, Texas (the "Underlying Lawsuit").

6. The Underlying Lawsuit contains allegations that Kumar aided and abetted D. Yale Sage ("Sage"), Kirk Short ("Short") and Bryan K. White ("White"), directors and/or officers of APH, in breaches of their fiduciary duties to APH. In particular, Kumar's companies, Hospice Plus and Be Gentle HomeHealth, allegedly received patient referrals from APH, through Sage and Short, for which, Brown alleges, no referral fee was paid to APH.

7. National Union issued a package policy to Partners Solutions, LLC, bearing policy number 01-588-54-26, and effective from November 9, 2013 to March 31, 2015 (the "Policy"). For claims under the "Directors, Officers and Private Company Liability Insurance"

coverage form ("D&O Coverage Section"), the Policy provides a $10 million Limit of Liability, subject to a $50,000 Retention.

8. The Policy defines Insureds to include Partners Solutions, LLC, its subsidiaries and their respective Directors and Officers. Kumar was as an officer of Curo Texas Hospice LLC, which is a subsidiary of Partners Solutions, LLC, and as such, Kumar qualifies as an insured under the Policy.

9. On March 17, 2015, Kumar sent a letter to Curo Texas Hospice, LLC and to National Union demanding a defense and indemnification in connection with the Underlying Lawsuit.

10. On July 17, 2015, National Union acknowledged receipt of the March 17, 2015, tender from Kumar and acknowledged potential coverage for the Underlying Lawsuit, including reimbursement of defense costs incurred by Kumar, subject to the terms and limitations of the Policy.

11. Thereafter, on September 24, 2015, via e-mail, National Union sent a letter (dated September 21, 2015) to Kumar's counsel in the Underlying Lawsuit in which National Union withdrew its prior reservation of rights and declined coverage for Kumar in connection with the Underlying Lawsuit. National Union explained that its changed position was based on its review of the allegations in a completely separate lawsuit—Civil Action No. 12-4457, *United States of America ex. rel. Christopher Sean Capshaw, et al. v. Bryan K. White, et al.*, in the United States District Court for the Northern District of Texas (the "Qui Tam Action"). According to National Union, the **allegations in the Qui Tam Action** triggered one or more endorsements or exclusions **negating coverage for the allegations in the Underlying Lawsuit** against Kumar.

12. Ultimately, Kumar and others settled the Underlying Lawsuit after National Union denied coverage.

13. Despite National Union's contentions otherwise, the claims asserted in the Underlying Lawsuit constitute a "Claim" made against an "Individual Insured" for a "Wrongful Act," as each of those terms is defined in the Policy.

14. And, in fact, National Union agreed to "advance **Defense Costs** of such **Claims** prior to final disposition," but then wrongfully withdrew its reservation of rights and declined coverage.

15. To date, National Union only has paid a small portion of the defense costs and expenses actually incurred by Kumar in defending against the claims asserted by Brown in the Underlying Lawsuit. National Union has not indemnified Kumar for the settlement of the Underlying Lawsuit.

## IV.
## CAUSES OF ACTION

16. Each of the foregoing paragraphs is incorporated by reference in the following causes of action:

**A.    Declaratory Relief**

17. An actual controversy exists between Kumar and National Union with respect to their rights and obligations under the Policy in connection with the Underlying Lawsuit. In particular, a dispute exists as to whether the allegations in the Underlying Lawsuit allege a claim during the policy period as required in the Policy such that a duty to advance defense costs was owed to Plaintiff by National Union in the Underlying Lawsuit through its resolution. Further, a dispute exists as to the amount of defense costs and fees owed by National Union under the Policy for the time period in which no dispute exists that a duty to advance defense costs was owed.

18. Kumar seeks a declaration that National Union was obligated to pay for Kumar's defense in the Underlying Lawsuit through its resolution. Kumar also seeks a declaration that National Union failed to pay the appropriate amount of defense costs and fees that it owed to Kumar under the Policy for the time period in which no dispute exists that a duty to advance defense costs was owed.

19. Additionally, Kumar seeks a declaration that National Union is obligated to pay Kumar's portion of the settlement of the Underlying Lawsuit, which settlement was entered into after National Union wrongfully denied coverage for the Underlying Lawsuit.

B. **Breach of Contract**

20. The Policy sets forth contractual obligations on the part of National Union to advance defense costs to Kumar when claims are made against him that satisfy the Insuring Agreement in the Policy and none of the exclusions in the Policy preclude coverage.

21. National Union has breached the terms and provisions of the Policy by failing to advance Kumar's defense costs in connection with the claims asserted by Brown in the Underlying Lawsuit and through its resolution and by failing to pay in full those defense costs and fees that were incurred during the time period in which no dispute exists that a duty to advance defense costs was owed.

22. The Policy sets forth contractual obligations on the part of National Union to "pay the **Loss** of an **Individual Insured** of the **Company** arising from a **Claim** made against the **Individual Insured** for any **Wrongful Act** of such **Individual Insured**."

23. National Union has breached the terms and provisions of the Policy by failing to pay for "Loss" arising from Brown's "Claim" in the Underlying Lawsuit, including "Claim Expenses."

24.     As a result of National Union's breaches, Kumar has sustained damages in that he had to pay his defense costs and pay to settle Brown's claims against him in the Underlying Lawsuit. Further, by breaching its obligation to advance defense costs, National Union is estopped from disputing coverage for the settlement of those claims.

C.     **Prompt Payment of Claims Act**

25.     National Union's failure to promptly pay the defense costs incurred by Kumar constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

26.     Kumar, therefore, in addition to his claim for damages in connection with National Union's failure to advance defense costs, is entitled to an award of penalty interest at the rate of 18% per annum and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

D.     **Attorneys' Fees**

27.     Kumar engaged the undersigned counsel to prosecute this lawsuit against National Union and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

28.     Kumar prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal. In addition and/or in the alternative, Kumar may be awarded attorneys' fees as permitted under the Prompt Payment of Claims Act.

V.
**CONDITIONS PRECEDENT**

29.     All conditions precedent to Kumar's right to recover under the Policy have occurred, have been fully performed, or have been waived by National Union, with the exception of the contractually required alternative dispute resolution process. The Policy requires the parties participate in a non-binding mediation prior to proceeding with litigation; however,

because of the upcoming expiration of the statute of limitations, Kumar is filing this complaint and, simultaneously, filing a motion to abate the case until the parties have concluded the required alternative dispute resolution process mandated by the Policy.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Suresh Kumar prays that, upon final hearing of the case, this Court adjudge the contractual obligations of National Union, that this Court declare and adjudge that Kumar recover all damages from and against National Union that he may reasonably establish by a preponderance of the evidence, and that this Court award attorneys' fees through trial and any appeal, costs of court, pre- and post-judgment interest, and such other and further relief, at law or in equity, to which Kumar may show himself to be justly entitled.

Respectfully Submitted,

By: */s/ Douglas P. Skelley*
Douglas P. Skelley
Texas Bar No. 24056335
E-mail: doug@shidlofskylaw.com
Rebecca DiMasi
Texas Bar No. 24007115
E-mail: rebecca@shidlofskylaw.com
SHIDLOFSKY LAW FIRM PLLC
7200 N. Mopac Expy., Suite 430
Austin, Texas 78731
Tel.: (512) 685-1400
Fax: (866) 232-8710

**COUNSEL FOR PLAINTIFF
SURESH KUMAR**